**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

STANLEY ADAMS,                    )
                                  )
    Petitioner,                   )
                                  )   SHELBY COUNTY
v.                                )   C.C.A. No.
                                  )   W1999-02741-CCA-R3-PC
STATE OF TENNESSEE,               )
                                  )
    Respondent.                   )

**FILED**

March 22, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

## ORDER

This matter is before the Court on the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the trial court's judgment by order rather than formal opinion. This case represents an appeal from the dismissal of the petitioner's third petition for post-conviction relief. In 1991, the petitioner was convicted of second degree murder and aggravated robbery, and sentenced to 45 years as a Range III offender. The petitioner subsequently filed two petitions for post-conviction relief attacking this conviction. The trial court denied both petitions and this Court affirmed the denials on appeal. *See Stanley Adams v. State,* Shelby County, No. 02C01-9208-CR-00184 (Tenn. Crim. App., filed February 10, 1993, at Jackson); *Stanley Adams v. State,* Shelby County, No. 02C01-9505-CR-00142 (Tenn. Crim. App., filed February 18, 1997, at Jackson).

On March 2, 1999, the petitioner filed the present petition for post-conviction relief. The petitioner raises the issues of ineffective assistance of counsel and the validity of his pleas, which are the same issues he raised in his previous petitions.

Finding that the petitioner had previously filed two petitions for post-conviction relief and that the present petition is time barred, the trial court dismissed the petition.

Tenn. Code Ann. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed two petitions that were resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. *See* Tenn. Code Ann. § 40-30-217.

Accordingly, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appearing that the petitioner is indigent, costs of this appeal shall be taxed to the state.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE